UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| TAYLOR D. LEE,<br><br>    Plaintiff,<br><br>    v.<br><br>MIKAL ROC A/K/A MIKAL ROC-OPONT,<br><br>    Defendant. | Civil Action No. _____ |

**COMPLAINT FOR DAMAGES**

Plaintiff Taylor D. Lee, by and through undersigned counsel, brings this action against Defendant Mikal Roc, a/k/a Mikal Roc-Opont, for damages arising from a motor vehicle collision that occurred on November 3, 2022, in Washington, District of Columbia. In support of this Complaint, Plaintiff alleges as follows:

**JURISDICTION, VENUE, AND PARTIES**

1. **Jurisdiction.** This Court has subject matter jurisdiction over this case under 28 U.S.C. § 1332(a)(1). The amount in controversy exceeds $75,000, not including interest and costs, and the parties are residents of different states.

2. **Venue.** Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to this claim occurred in the District of Columbia.

3. Plaintiff Taylor D. Lee is an individual who is a resident of the State of New York, Kings County, with a current domicile in Brooklyn, Kings County, New York.

4. Defendant Mikal Roc, also known as Mikal Roc-Opont ("Roc"), is an individual residing in the State of Maryland, with a last known address at 2100 Edgewater Street, Silver

Spring, Maryland 20905. At all times relevant to this Complaint, Defendant Roc was a resident and citizen of Maryland.

## FACTUAL BACKGROUND

**I.  THE COLLISION.**

5. On November 3, 2022, at approximately 8:50 a.m., Plaintiff was lawfully operating his bicycle westbound on K Street NE in Washington, D.C., traveling within a clearly marked and dedicated bicycle lane.

6. At the same time and location, Defendant Roc was operating a 2002 Toyota Sienna bearing Maryland registration M792720, traveling northbound on K Street NE in the unit block.

7. As Plaintiff approached the intersection near North Capitol Street NE, Defendant Roc, without warning and without yielding the right-of-way, made a sudden left turn directly into the path of Plaintiff's bicycle in an attempt to enter a parking garage or open parking lot located on the north side of K Street NE.

8. Plaintiff, who had the right-of-way and was traveling lawfully in the designated bicycle lane, had no opportunity to avoid the collision. Plaintiff engaged the brakes of his bicycle, but when it struck the right rear portion of Defendant Roc's vehicle, Plaintiff was propelled into and through the rear passenger window of the vehicle, which shattered. Plaintiff then fell backwards from the vehicle and landed on the bike path and roadway.

9. The Metropolitan Police Department responded to the scene and conducted an investigation, documented in Crash Report No. 22160515.

**II.  DEFENDANTS ROC'S VIOLATION OF TRAFFIC LAWS**

10. D.C. Municipal Regulations Title 18, Section 2208.2 provides: "The driver of a vehicle intending to turn to the left shall yield the right-of-way to any vehicle approaching from the opposite direction which is so close as to constitute an immediate hazard."

11. The investigating officer determined that Defendant Roc failed to yield the right-of-way to Plaintiff in violation of this regulation. The officer issued Defendant Roc a Notice of Infraction, No. 293662456, for Failure to Yield Right of Way.

12. The officer's investigation confirmed that Plaintiff was traveling lawfully in the marked bicycle lane and had the right-of-way at the time of the collision.

13. The officer concluded that Defendant Roc was at fault for the collision.

14. At the time of the collision, Defendant Roc was insured under an automobile liability insurance policy issued by State Farm Mutual Automobile Insurance Co., policy number 407 5974 D01 20A.

### III.   PLAINTIFF'S INJURIES AND MEDICAL TREATMENT.

1. As a direct and proximate result of the collision caused by Defendant Roc's negligence, Plaintiff sustained severe and life-altering injuries.

2. Emergency medical services transported Plaintiff to Howard University Hospital, where he received emergency treatment for multiple traumatic injuries and surgery to remove foreign objects from his knee. He was admitted to the hospital, where he remained overnight.

3. Plaintiff's injuries included: (a) severe lacerations to his face, knee, and hand, with tissue and bone exposed from the knee area; (b) a traumatic head injury resulting in a concussion with lasting cognitive effects; (c) a knee injury requiring surgical intervention to remove foreign objects embedded in the joint; (d) a hand injury requiring intervention to remove foreign objects embedded therein; and (e) facial skin and soft tissue damage.

4. The plaintiff's concussion significantly impacted him. At that time, he was a law student at Georgetown University School of Law. During his recovery, he had to miss several days of classes due to pain and headaches, which caused him severe discomfort and anxiety. y.

5. Plaintiff's facial injuries have left permanent scarring that is visible and disfiguring. Medical professionals have advised that plastic surgery will be necessary to minimize the appearance of these scars, though complete restoration is not possible.

6. The prospect of undergoing additional surgical procedures causes Plaintiff significant emotional distress and anxiety, particularly given the trauma he experienced during the collision and initial emergency treatment.

7. Plaintiff's medical treatment has involved multiple follow-up appointments, physical therapy, and ongoing care.re.

8. As a result of this traumatic collision, the Plaintiff has developed a deep psychological fear of riding a bicycle, an activity he once enjoyed for his daily commute and recreation.

9. Plaintiff's bicycle, which he had recently purchased, was so severely damaged in the collision that it had to be discarded.

10. Plaintiff has incurred significant medical expenses for emergency treatment, surgery, hospitalization, follow-up care, and ongoing treatment. Further medical costs are likely to be needed for future plastic surgery and continued care.

11. Plaintiff has endured and continues to endure substantial physical and emotional pain due to his injuries.

12. Plaintiff's injuries have resulted in permanent scarring and disfigurement that will likely affect him for the rest of his life.

## COUNT I: NEGLIGENCE

13. Plaintiff incorporates by reference all allegations contained in paragraphs 1 through 26 as if fully set forth herein.

14. At all times relevant to this Complaint, Defendant Roc had a duty to operate their motor vehicle with reasonable care, obey all applicable traffic laws and regulations, and

yield the right-of-way to oncoming traffic, including bicyclists lawfully using designated bicycle lanes.

15. Defendant Roc breached this duty of care by: (a) failing to yield the right-of-way to Plaintiff's bicycle, in direct violation of D.C. Municipal Regulations Title 18, Section 2208.2; (b) making an unsafe left turn directly into the path of oncoming traffic; (c) failing to observe and assess the traffic conditions before executing a left turn; (d) failing to ensure that the turn could be made safely without creating an immediate hazard; and (e) otherwise operating their vehicle in a careless and negligent manner.

16. As a direct and immediate result of Defendant Roc's negligence and breach of duty, the Plaintiff suffered serious personal injuries, including but not limited to: traumatic head injury with concussion; severe facial lacerations requiring future plastic surgery; knee injury requiring surgery; hand lacerations; permanent scarring and disfigurement; pain and suffering; emotional distress and psychological trauma; loss of enjoyment of life; and other damages.es.

17. Plaintiff has incurred and will continue to incur substantial medical expenses for treatment of his injuries, including emergency care, surgery, hospitalization, follow-up appointments, physical therapy, future plastic surgery, and ongoing medical care.

18. Plaintiff has suffered property damage, including the total loss of his bicycle.

19. The collision and resulting injuries have caused Plaintiff significant mental anguish, including development of a fear of bicycle riding that has substantially diminished his quality of life and ability to engage in activities he previously enjoyed.

## COUNT II: NEGLIGENCE PER SE

20. Plaintiff incorporates by reference all allegations contained in paragraphs 1 through 33 as if fully set forth herein.

21. D.C. Municipal Regulations Title 18, Section 2208.2 requires drivers intending to turn left to yield the right-of-way to any vehicle approaching from the opposite direction that is so close as to pose an immediate hazard.

22. This regulation was enacted to protect individuals like the Plaintiff from harm caused by drivers who fail to yield the right-of-way when making left turns.

23. Plaintiff, as a bicyclist lawfully using a designated bicycle lane, is a member of the class of persons the regulation was designed to protect.

24. Defendant Roc violated this regulation by failing to yield the right-of-way to Plaintiff and making an unsafe left turn directly into Plaintiff's path.

25. The Metropolitan Police Department issued Defendant Roc a Notice of Infraction for this violation, confirming that Defendant violated the regulation.

26. Defendant Roc's violation of D.C. Municipal Regulations Title 18, Section 2208.2 constitutes negligence per se.

27. As a direct and proximate result of Defendant Roc's violation of this safety regulation, Plaintiff suffered the severe injuries and damages described in Count I.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Taylor D. Lee respectfully requests that this Court enter judgment in his favor and against Defendants as follows:

1. Compensatory damages in an amount to be determined at trial, including but not limited to: past and future medical expenses; pain and suffering; mental anguish and emotional distress; permanent scarring and disfigurement; loss of enjoyment of life; and property damage;

2. Punitive damages against Defendant Roc for their reckless disregard for the safety of others;

3. Pre-judgment and post-judgment interest at the maximum rate allowed by law;

4.       Costs of suit, including reasonable attorney's fees; and

5.       Such other and further relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiff demands a trial by jury on all issues so triable.

                                  Respectfully submitted,

                                  */s/ Alexander N. Breckinridge*
                                ALEXANDER N. BRECKINRIDGE V
                                (DC Bar No. 983736)
                                JONES WALKER LLP
                                201 St. Charles Avenue, Suite 5100
                                New Orleans, Louisiana 70170-5100
                                Telephone: (504) 582-8138
                                Facsimile: (504) 589-8138
                                Email: abreckinridge@joneswalker.com

                                ***Attorney for Plaintiff Taylor D. Lee***